All right we have everyone on the phone and this is the case of the United States of America v. Terrence Byrd number 19-2986. Mr. Sorensen you may proceed. Thank you your honor. May it please the court my name is Quinn Sorensen I represent the defendant as you said Terrence Byrd. I'd like to reserve three minutes for rebuttal if I may. That's fine. Thank you sir. Police may lawfully detain an individual following conclusion of a traffic stop only if they have reasonable and articulable suspicion that the person has been or is engaged in a separate crime. Such suspicion was entirely lacking in this case at the time when police issued to Mr. Byrd a written warning for the traffic violation and the stop concluded and the police nevertheless continue to detain and search Mr. Byrd. That police lacked any articulable solution suspicion of another offense is made plain by their own testimony in fact. They testified that at the time of the stop they had quote no idea end quote whether a crime had been committed or its nature and they could identify nothing about Mr. Byrd or his behavior that suggested that he was engaged in a crime. Rather they cited only a list of so-called indicators quote end quote that they claimed pointed to a guilty state of mind. None of the indicators however is actually suggested of a crime much less any criminal behavior in fact. He was nervous but that's to be expected given that he'd been stopped by police. His license the temporary was perfectly valid. He explained that he was traveling to Pittsburgh because he would be moving there and although he had a criminal history and was subject to an arrest warrant the warrant was limited to New Jersey there was nothing to suggest he was trying to evade law enforcement or was engaged in any other wrongdoing. And in this respect the case is quite unlike those in the past in which a stop has been upheld. For example in the United States versus Gabon after issuing a warning to the driver the officer advised him that it was free to leave. Asked further questions. Let me ask you this question. On appeal that went and on search before the Supreme Court your client never challenged whether there was reasonable suspicion to detain him after the traffic violation warning. Isn't that the law of the case that there was a reasonable suspicion for the continued detention? I don't believe so your honor. I would agree I think that the reasonable suspicion determination regarding the prolonged nature of the stop was certainly law of the case at this time and that is the traffic stop itself and that's what the court addressed in the prior decision in this case. That was what was challenged whether the traffic stop itself was unreasonably prolonged or whether it was justified in the first instance by reasonable suspicion. So on that I agree fully with you. Yes that is law of the case and I'm not challenging that. But what is under review now is a separate question and it links quite directly into the decision on certiorari by the Supreme Court and that is the probable cause determination. And that determination was of course not previously in the opinion. I understand that but the threshold question of whether or not the reasonable suspicion for continued detention it seems to me to be the law of the case. I think the only law of the case in this particular instance is going to be the prolonged nature of the detention up until the point at which the traffic stop concluded. That was what was challenged in the prior case and the second detention that is where and this is the where Mr. Byrd mentioned a blunt and that was the critical support for probable cause. So when we had certiorari we had the remand after the Supreme Court decision that probable cause determination came sharply into focus as the principal issue in this case and that linked directly to the second detention rather than the first one. There was no basis really or no reason for us to challenge that second detention because probable cause was not previously at issue. Now since it is on remand we are raising it and I think we preserved it fully over the course of this case. And again I think if you get to that particular issue that is if you're assessing whether that second detention is permissible there's really no basis to find based on the officer's own admission that they had no idea of whether a crime had been convicted and after that first detention had concluded that is after the traffic stop concededly concluded on their basis they told Mr. Byrd that he was not free to leave and they proceeded to conduct the search without probable cause and without any other basis for doing so and therefore if you get to that point where that second detention is not permissible you exclude consideration of the blunt and there is no basis whatsoever for probable cause determination. And I think the search not only suffered from that problem but it also suffered from other ones and that is even assuming that the blunt statement is properly admissible and even assuming that probable cause existed on that basis as the district court determined. The police did not have probable cause to search the trunk where the evidence used later used against him was found. That is because a search may be conducted only of those areas in which evidence may reasonably be found and nothing in the case circumstances this case suggested that even if a blunt referred to a marijuana cigarette that Mr. Byrd would keep it in the trunk and nothing was found in the passenger compartment that would suggest any other criminal activity and this is not a case... What case would put the police on notice that they were not permitted to search the trunk? Which case says okay you must stop at that point? Well I think there's two answers to your question but the most direct one is a case such as United States v. Ricketts in which it specifically recognized that point that I just made which is a search may only be conducted of those areas that is likely to contain the contraband and then you also have cases from outside of the circuit if you want to look at those and from the Supreme Court as well and those include cases such as McSween and others in which a smell of marijuana had been detected and therefore they had reason to search the trunk. There is no case... Ricketts was permissive, not restricted in its holding. In other words it permitted the search for the items. It didn't say you cannot, it said it was permissible to do that. I'm looking for a case that would have put them on notice that they really couldn't look in the trunk. Well I think again I think that Ricketts does actually in fact state the point that it's permissive in the sense that here is the rule that we are starting with that is a search may be conducted only of those areas of the car or wherever in which evidence is likely to be discovered and then it goes on to say well in this case we do have a situation in which evidence is likely to be discovered because of the burglary tools were seen in the passenger compartment and that's why it was authorized. So you have not only a permissive circumstance in which there was an application of the rule but the statement of the rule itself presupposes, not only presupposes, but quite clearly states that absent that fine absence that there was any evidence that there was going to be something found in the trunk, police did not have authority to search. So I think that's your straightforward reasonable... I think at the end of Ricketts that we cite U.S. versus Schechter where police need have no more exact suspicion to search a trunk than required to search the passenger compartment. But I don't want to argue with you about what the case says but that's my reading. Yeah I would say that they also have to have you know a reason to believe that the passenger compartment contains it. If they can look in the passenger compartment that's the same limitation that applies to the trunk they just have to have another reasonable suspicion that there's going to be evidence in the trunk but it has to be limited and based upon the actual evidence they're searching for. And again if you get to that point where again I don't think that I think Ricketts places a clear limitation on it but what it doesn't do to my mind it provides authority, some sort of good faith authority if you want to, for the police in this circumstance to conduct any search whatsoever. And I don't think the illegality of the stop and subsequent search in this case can be excused under the good faith exception for a number of different reasons. And there's... I mean they stop you before you get to the good faith exception. I'd like to narrow down this question about the trunk. Don't the cases say that if you have probable cause you have probable cause to search the vehicle? There have been some cases which have almost gone to that extent but I don't think that's the case and what you see in cases like Ricketts, like McSween, like other ones is that you do have some other evidence of illegality and it might be a general smell of marijuana that rafts past the passenger compartment or it might be the view in Ricketts of burglary tools within the compartment which suggests there's something more to be found in the trunk. So you do have to have... it may be very minimal in certain cases, doesn't need to be much, but here the point is you didn't have anything. You didn't even find a marijuana cigarette here. But if he says he had a blunt, isn't it just as reasonable that the blunt may have been in the trunk as in the console because maybe he wanted to smoke the blunt when he got to his destination? I don't believe so, Your Honor. I think that would take a kind of an extraordinary view of how people normally conduct themselves and smell blunts and that's in response to the officer's question that the blunt was in the center console, if anywhere, of the passenger compartment. Also, the tape shows it was in the left side so there was some lack of clarity there. So I want to ask you another question. This is a sedan which had a trunk. If probable cause is limited as you're advocating, what would happen if this was an SUV with a back gate? How do you go about... how do you say to the police, well, you can look in the first... you can look in the first two sections, but you can't look in the third? Well, I think in the case of a passenger compartment that extends into a trunk that has, you know, that is essentially open with the rest of the car, then you probably do have a very different beast because, as you know, and as we've seen in the cases, if you do have probable cause to search a passenger compartment, you generally have opportunity and authority to search the entire passenger compartment, wherever that may be said to extend to. But where you draw the line is where you have a separate compartment, whether that be a separate trunk, a separate area, something like that. And here we definitely have a separate trunk which is not connected to the passenger compartment. So I agree in your hypothetical, the answer may be different. But in this one, the answer is quite clear, I think, under Ricketts, which is you did need to have some additional belief that there was going to be evidence of a crime found in the trunk. And again, I don't think in this case there was that evidence. And if you get past that point and you find that there was no probable cause to search, then the only question becomes, again, whether you had good faith or whether you could be said to have good faith and belief that you could nevertheless conduct that search. Let me ask you a question on a different subject. The Supreme Court's decisions in Haring, Hudson, and Davis, I think, make clear that courts are to apply the exclusionary rule only when it can pay its way. In other words, when it serves some deterrent function. Would you agree with that summary of the takeaway of those three cases? They certainly make that point, Your Honor, yes. So here, at the time the police troopers stopped Mr. Byrd, the law in Kennedy said that Mr. So, in light of that extant precedent, which was overruled, of course, when the Supreme Court addressed the issue in this case, what deterrent function would be served by excluding the evidence here? Well, I'll make two points, if I may, and I'll make the first one extraordinarily briefly because it doesn't get precisely to your question, but I'll just make it real quick. First of all, the good faith exception could not apply on that basis based on the prior decision of this court, which held that it doesn't apply. So, putting that aside, though, for the moment and actually addressing your specific question. Mr. Sorensen, which case are you talking about? Are you talking about the Byrd 2 NPO in this case? Yes, footnote 2 in that decision. Okay. I want to ask you about Goldstein after that. Sure. And to get to Judge Hardman's point, which I think is kind of getting to the substantive application of the exclusionary rule itself, rather than maybe the good faith exception as it stands as a separate kind of issue. On your point, Your Honor. That's precisely where I'm inquiring. That's right. Okay. So, on your point, Your Honor, and it kind of gets back to this. So, in the circumstance in which officers conducted a search pursuant to Kennedy of a rental vehicle that was being driven by someone other than the signatory, based on the lack of standing or that individual's own lack of a reasonable expectation in the car, what that meant that the officers were doing were perhaps not, under the Kennedy reasoning, you might be able to get to a point where, okay, the defendant cannot object, cannot succeed in an objection, but that does not mean that the constitutional violation did not occur. And even if you get to the point where you don't find that there's a constitutional violation of the driver's license, the signatory's rights are still impacted. They are still violated because the search has been conducted without a warrant. And I think in that situation... Is that what happened in Hudson, though? In Hudson, they barged in. They violated the knock-and-announce rule. They barged in in violation of that constitutional requirement. And despite the unconstitutional conduct, the Supreme Court in Hudson said we're not going to... the evidence should not be excluded because there's no deterrence function. Well, I think in that situation, the officers, under the case law and for their own purposes, in terms of executing the search the way they did in this particular situation, in fact, had a reason to believe that they weren't violating anybody's constitutional rights whatsoever. That's where you get to the point where deterrence is no longer served. Here, the officers knew that they were, at the very least, violating the constitutional rights of the third party's signatory. And so they went forward and yet conducted the search knowing that violation was going to be occurring. And I think this is precisely the circumstance in which deterrence is properly and best served, in which we have officers conducting a search, knowingly violating the rights of another party, just because it allowed them to get evidence against a defendant that cannot challenge the search. So I think this is very different from those cases and provides a basis for deterrence. But yet they clearly believed they had probable cause for the search. I mean, the court, in fact, you give us permission. Actually, I have probable cause because you told us what's in there. But, however, we don't even need it because you're not on the rental agreement. But they agreed, they believed they had probable cause, did they not? So why should good faith not apply, separate and apart from whether reasonable expectation of privacy is part of it? Well, they said at the time of the search they had, the only basis they gave really was the lack of standing. And that's what they explained to Mr. Berg. And as you said, they did testify later at the hearing that, in fact, the mention of a blunt did, in their two reasons why that probable cause of existence, if they believed that, would not stand as a basis for the good faith exception. And one is that they didn't, again, they just didn't rely on that doctrine on the automobile exception at the time. And it cannot be the case that a circumstance that a police officer relies on a different line of authority or refuses to acknowledge another case or authority can later come back and say, well, I was in good faith on this other authority, on this other case, even though I never mentioned it. Reasonable reliance requires that you actually rely on the line of authority. And two... I'm looking at the fact that it was at 1855, that is at 655 in the evening, they said, you gave us permission. Actually, I have probable cause. You told us what's in there. And then they added, gratuitously, if you will, you're not on the rental agreement. So it's not just later testimony. That's what they said in the video at 655 in the evening, isn't it? That's 44 minutes in. Well, I think, again, I think they relied quite specifically on the lack of standing and not on probable cause. But even if you get to the point where you could be saying that they relied in some form or fashion on probable cause, it still wouldn't provide the basis for the good faith exception. And that's because  what's required is judicial authority, a judicial finding that probable cause existed. And that's in circumstances why it's an exception to the warrant requirement. It's because unless and until a court determines that probable cause objectively existed, the search is subject to challenge and cannot be deemed constitutional. So regardless of whether these officers believed in their own mind that probable cause existed, until a judicial determination had been made, and it certainly wasn't at the time of the search, the good faith exception simply cannot apply by its terms. And to get back to, I think, Judge Fischer had mentioned that he wanted me to speak quickly to the matter of United States v. Goldstein, which I'm happy to do. I know it's a little bit over my time. Shall I continue? Go ahead. Thanks, sir. I think United States v. Goldstein provides a very, very different case, and it shows why the good faith exception would not apply here. In that case, you had a federal statute which authorized the search of confidential location information. And not only that, but you had investigators secure a judicial order approving of the search in advance. And in that situation, this court, quite properly, I think, held that since you had a then valid federal statute, a then valid order authorizing the search, there was simply no way that the officers could be found without having acted without a good faith belief in the legality of their conduct. And that's quite different here for a number of reasons which we've already gone over. In this case, you had no order, had no warrant, and had no express authority. And you would draw a distinction between the concept of the legality of their conduct versus reasonable expectation of privacy? Well, yeah, I think you can. And I think there's also a second component of Goldstein, which is, in that case, I mean, I'm not sure if the analogy is being drawn, that that was a situation in which the court held that the good faith exception could apply when officers acted because they did not believe defendants had any reasonable expectation of privacy. I don't think that's the finding of Goldstein. I think what occurred in Goldstein is that you did have this prior line of precedent which held that individuals don't have a reasonable expectation in this line of, in this information. And therefore, the statute is constitutional. I agree. My question was confusing. I agree with what you're saying. Okay. It wasn't the key in Goldstein, the finding that the government was acting under an objectively reasonable good faith belief that obtaining the evidence was constitutional at the time. And isn't that what we have here? No, I don't believe so, Your Honor. And I believe it for two reasons. One, as I mentioned before, I think what they were doing here is acting under a belief that the individual wouldn't have standing to challenge the search itself. And two, if they were, if they can be said to have relied on probable cause, at that time they were still, they still knew that the search was presumptively invalid unless and until a court approved it and found a probable cause objectively existed. So at the time of the search they did not have a good faith in the beliefs in the constitutionality of the search and in fact should have known or knew that it was unconstitutional presumptively. And that reason I would suggest to vacate the motion that's about to be granted unless the court has further questions. All right, thank you, Mr. Sorensen. We'll hear you on rebuttal. Mr. Cerruti. Good morning, Your Honors. May it please the Court, Steven Cerruti on behalf of the United States. Please let me know if you have any difficulty hearing me at any point during the argument. Very quickly, I will look first at the issue of whether the stop was unacceptably extended. And the first point I would make is, having handled the first Byrd appeal, I can say that it absolutely was raised in the first Byrd appeal and was argued by Mr. Byrd that the traffic stop was unlawfully extended, page 20 to 23 of their opening brief in that appeal. And in the ultimate decision in that appeal, this Court, as laid out on page 18 of my brief in this appeal, explicitly said that there were these number of factors that resulted in there being giving rise to additional suspicion of other criminal activity. And all of those additional factors happened before the end of the traffic stop portion of the detention. All right, so assuming you get over that hurdle, then you've got to tell us why there was probable cause to search the trunk, right? Sure. That's certainly an argument that has been raised. Obviously, the position of the United States is, when you look at Roth's and this Court's decision in Rickus, the very language that you were asking Mr. Sorensen about, which is, once you have probable cause to search the vehicle, you have probable cause to search the entire vehicle, or at least those parts of the vehicle that might contain the contraband or what it is that you are looking for. And in this case... Wouldn't it seem bizarre, though, that a blunt would be in a trunk? I mean, if it were, you know, a box of blunts, you know, maybe it would be in the trunk, but a single blunt, I mean, wouldn't that be something that would typically be right where the driver is sitting? Welcome to AT&T teleconference service. Please enter your access code, followed by the pound sign. Welcome to AT&T teleconference service. Please enter your access code, followed by the pound sign. Your access code was not recognized. Welcome to AT&T teleconference service. Please enter your access code, followed by the pound sign. Welcome to AT&T teleconference service. Please enter your access code, followed by the pound sign. There are six participants on the call, including you. You are joining your conference as the host. For a menu of available commands, press star pound. Well, this guy doesn't have standing. We know that under Kennedy, but we also believe that there's probable cause here based on, you know, Ricketts and Ross, as I just discussed. And so if you've got police officers doing this and they are then told that's wrong, what kind of guidance are we as prosecutors supposed to give them when they're operating in this kind of situation where there is clearly something suspicious, they believe they have an admission that there's contraband in the car, they believe that the case law says that this person does not have any standing to challenge the search. That seems like it is a very small interest that's being protected at the cost, tremendous cost to society. Turning specifically to Goldstein, there's a number of things about Goldstein that I like. The first one is kind of the general idea that you don't have a Fourth Amendment search if there is no reasonable expectation of privacy. Clearly at the time, no longer, but at the time. Mr. Rudy, let me just stop you right there before you get into the explanation of Goldstein. And the reason that the panel brought Goldstein to your attention is the fact that the BERG II opinion, which remanded the case back to the district court, indicated that the good faith exception couldn't be applied and there was perhaps a belief that that was the law of the case. Certainly if it was the law of the case, the law of the case wouldn't apply if there was subsequent law that held to the contrary. So assuming that the law of the case finding of the BERG II panel was the law of the case, that's a position where we're interested in your position on Goldstein. Very well. And I understand, Your Honor, you were on panel for that decision, so therefore have much more insight into exactly what was meant by footnote two than I could possibly have. That being said, that's not necessarily true. We have what we have. Sure. When I look at the last, I think, 7-11s and footnote two, I don't think that there's – I understand that there is a separation in the idea that BERG did not stand to object to the search and reasonably rely on Kennedy to be constitutional. That being said, I don't want to read too much into that as far as creating two completely separate inquiries since the Supreme Court repeatedly said that standing isn't a separate issue in the sense that it's all bound up in substantive Fourth Amendment law. Mr. Rudy, you're breaking up. Is it breaking up for anyone else or is it just me? Yes, it is. Breaking up, I'm not sure why. Maybe speak a little bit closer. It's breaking up for me also. Is this better? Yes. Hello? Okay. Yes, better. I'm trying to find the best possible way to call in. This is not working. What I was saying was I think that while the Kennedy decision alone may not be able to – because these issues are to be viewed standing as well as the substantive constitutional law are under the dictates of Supreme Court precedent. It's not viewed as part of the same analysis. It could still be part of it. And so when you look at what these troopers have going through their mind at the time, part of that consideration is this guy doesn't have a reasonable expectation of privacy. And I don't want to get too much – You would agree, would you not, that Goldstein really had to do with the fact that the search that was authorized by statute, a statute that then found under NRA application to be constitutional, was a constitutional search that was a valid search. And that was the issue in Goldstein, the validity, not whether someone could challenge it. And isn't it the case that good faith really applies when you have a good faith belief in the constitutionality of the search, not a good faith belief that someone could challenge it. I think that there is some truth to that, absolutely. And you should be concerned with the constitutionality of the search. There's no question about that. And I think that what we have here is we have troopers who did believe in the constitutionality of the search, independent of whether or not Mr. Byrd had any rights to challenge that search. So your point is we don't really need to do Goldstein, we don't really need to do reasonable expectation of privacy. You rely on their good faith belief as probable cause. Well, that's certainly part of my argument. I do think that that is perhaps the most straightforward way of handling this, finding that they either had probable cause, which would be our initial position, or that they had good faith belief that they possessed probable cause, based on precedents such as Ricketts, such as Ross. And, again, I don't want to go too far down the rabbit hole, but I also don't want to stand that it is clearly established somehow that in this particular factual situation, that either the rental agency or the authorized renter automatically has a reasonable expectation of privacy, and thus a privacy interest to be protected in a trunk of a car that is turned over for the use of whatever possible way that the renter or the authorized renter, or the third person who it is given to, is given. I tried to look and see if there was some case law out there on that, couldn't find it, admittedly, in a fairly short search. But that seems to be taking things a little bit farther than the idea that is espoused in actually the Supreme Court decision on Byrd, hearing, saying that an owner and a possessor of a car almost always has that reasonable expectation of privacy. Well, here the owner didn't have possession. The authorized possessor didn't have possession. So that ownership and possessory interest is not there for any of the three parties that have been raised with regards to a potential reasonable expectation of privacy here. If there are no further questions, then thank you very much. Any questions, Judge Fischer, Judge Rendell? No, thank you. All right, thank you, Mr. Cerruti. Let's hear Mr. Sorensen's rebuttal, please. Thank you very much. I think, as Judge Rendell pointed out, the question here that needs to be answered, and I think the dispositive one, is whether the police had a good faith belief in the constitutionality of the search. And I think that's the fundamental question, and I think it's the one that has to be answered in the negative here for a number of different reasons. One being, of course, as I've indicated before, that they did not have a belief in the constitutionality of the search in the sense that they didn't believe that Mr. Burke could object to it, but rather just the sense that he did not have standing to do so, whether or not somebody else could come in and do that. And as to the underlying... Mr. Sorensen, let me ask you one thing about that, because in order for them not to have had a good faith belief, don't we have to conclude that the officer was lying when he said, I have probable cause? No, I don't believe you do, Your Honor. I think whether or not the officer said he had probable cause is not indicative of whether the search was actually constitutional, as I pointed out before. I agree with you. That's why I said to Mr. Cerruti, that's a decision for us to make. Just because he says he has PC doesn't mean he has PC. But if he says he...we know that he verbalized, I have probable cause, right? So, if he's honest when he says that, then he has a good faith belief that he has, and even if that belief is erroneous, right? That's why I'm suggesting, don't we have to make a factual finding that he was lying when he said he had probable cause? No, I don't believe so, Your Honor. I think the basis of the good faith exception is not whether the officers subjectively or even objectively believe that their conduct would be approved later on, or that the search would eventually be justified. It is whether there is affirmative authority at that stage indicating that the search is constitutional at the time it is conducted. And an officer's belief... So, for him, it's just that he has an objectively reasonable belief. He doesn't have that Supreme Court precedent on point saying, oh, yes, this gives it to me. But it has to be objectively reasonable. If he says, I have probable cause just because, you know, the man whistled or something, you know, it wouldn't be objectively reasonable. But you're saying he needs to have affirmative authority? I think there's two ways to go about it. One, and these are the two points that have been made in this Court's prior cases, including Katzen, which is one, if you have, of course, binding appellate authority on point, then yes, you may conduct the search. But the alternative means is that you have some authority that grants you the permission to conduct the search in a constitutional manner. The authorities to which you're referring of the automobile exception, however, are recognizing and do recognize that the search is going to be presumptively unconstitutional if conducted without a warrant. And the only circumstance in which it may be approved, at least a constitutional violation, may either be overlooked or upheld against challenges if, again, a judge later finds that the officers had probable cause at the time. So it's a subsequent determination of constitutionality. The officer may believe he had probable cause at the time, but until that constitutional determination has been made, the search is unconstitutional. And I think that's getting back to one final question that was asked, and one point that Mr. Cerruti made, actually, which is, what kind of guidance are we giving to officers if we reject the good faith exception in this particular case? And I think the guidance is exactly the type that this court and others have consistently said should be granted. And that is to say that if you have an opportunity in this circumstance, which you do, to get a warrant to obtain the information, to obtain the evidence through other means, then that is the appropriate approach. You should not take it upon yourself as an officer simply to go into a car to search it just because you believe you can. So I think in this particular circumstance, especially given the preceding circumstances and situation of the stop, which occurred the detention after the traffic stop had concluded, the elimination of the blunt reference, which I think should still stand. After that point, you do have a situation in which you have a fairly deliberate violation of constitutional standards, even if the officers might have thought it could later be upheld. And for that reason... Mr. Shortzen, how do you square that with Goldstein, though? Because there was no warrant in Goldstein. The officers conducted what was later determined, like here, what was later determined to be an illegal search, and there was no exclusion. So why isn't that very similar to what we have here? We've got a search that appears to be legal under controlling precedent at the time. Then we've got a Supreme Court decision rendering it illegal. And then Goldstein says, don't exclude us. Well, I think you have a very different situation, and it gets back to the point I was just making, which in that circumstance, at the time of the search, you had a federal statute which authorized the search, and you had a judicial order issued pursuant to that expressly authorizing the search. But here you have precedent. Why doesn't law enforcement have the right to rely on binding precedent? I think the difference is quite stark, actually. As I said, in that case, in Goldstein, you had a judicial order previously issued authorizing the search. In other words, you have what would be... No, that's... That CSLI data could be obtained without a warrant. Yeah, but they had gone... It wasn't a warrant. It was an order authorizing it, but... It was like a subpoena. A subpoena, essentially, yeah. But what I'm saying is that is kind of comparable. It's a judicial order authorizing the search in some form or fashion before it occurs. That's precisely what you didn't have here, and that's why we generally require a warrant. And that's the critical... That's one critical distinction between these cases, in my mind. Goldstein, you had prior judicial approval. Here you don't have it, and in fact, you have a presumptively unconstitutional search, which is why, here, good faith exception simply cannot apply. Okay, very good. Thank you very much, Mr. Sorensen. Thank you, Mr. Cerruti. I want to commend both counsel for excellent arguments and briefing, particularly under the circumstances. We'll take the matter under advisement.